UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
MARIA ROMERO, et al.,               :
                                    :
                    Plaintiffs,     :    15 Civ. 9535 (HBP)
                                    :
     -against-                      :    OPINION
                                    :    AND ORDER
FLUFF N FOLD LAUNDRY SERVICES       :
LLC, et al.,                        :
                                    :
                    Defendants.     :
                                    :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/17

PITMAN, United States Magistrate Judge:

Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. to recover unpaid minimum wage and overtime premium pay and penalties for failure to provide wage statements and notices under the NYLL. Plaintiffs brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims.

The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

The parties reached a settlement prior to the matter being conditionally certified as a collective action and now seek approval of their proposed settlement (Letter from Gerrald A. Ellis, Esq., to the undersigned, dated Dec. 28, 2016 (Docket Item

("D.I.") 28) ("Ellis Letter")). However, I cannot approve the settlement at this time. First, the parties have not provided sufficient information to enable me to determine whether the proposed settlement is fair and reasonable. Although the parties have indicated that plaintiffs will receive a total net settlement of $26,800, they failed to explain how that amount will be allocated among plaintiffs or the basis for the allocation.

Additionally, Section 3 and Section 7 of the settlement agreement contain language referring to "all claims referred to or identified in the various correspondence, pleadings, <u>etc</u>. to and between the parties' respective law firms" and "all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement," respectively. The meaning of this language is unclear, and the parties should, therefore, clarify what this language encompasses.

Second, I point out that the settlement agreement contains two impermissible clauses. The agreement contains a provision prohibiting plaintiffs from assisting

> in any lawsuit, charge, claim or proceeding, in any forum . . ., against Defendants arising out of or relating to any allegation or wage and hour claim (whether Plaintiffs' or any other person's) concerning Plaintiffs' employment with Defendants, or all claims referred to or identified in the various correspon-

2

> dence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena.

(Ellis Letter, Ex. 1 § 3). Such a provision in an FLSA settlement is contrary to the remedial purposes of the statute. See Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016); Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.); Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 3646663 at *1 (E.D.N.Y. June 10, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (Kaplan, D.J.).

The settlement agreement also bars plaintiffs from ever working, or applying to work, for defendants or their "parents, subsidiaries, affiliates, successors and assigns, or divisions" (Ellis Letter, Ex. 1 § 5). A provision limiting plaintiffs' employment opportunities is not permitted. Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.). Such a provision is in direct conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks

3

v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).[1]

Accordingly, within 30 days of the date of this Order, the parties are to provide the information sought and a revised settlement agreement that eliminates the foregoing issues.

Dated:  New York, New York
        August 1, 2017

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

---

[1] The agreement provides that "[i]f any provision, or portion thereof, of this Agreement is, or becomes, invalid under any applicable statute or rule of law, it is to be deemed stricken and the rest of this Agreement shall remain in full force and effect" (Ellis Letter, Ex. 1 § 15). As a result, the impermissible clauses identified above, by themselves, do not require me to withhold approval of the settlement agreement as a whole. See Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).