```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARIA ROMERO, et al.,              :
                    Plaintiffs,    :   15 Civ. 9535 (HBP)
       -against-                   :   OPINION
                                       AND ORDER
FLUFF N FOLD LAUNDRY SERVICES      :
LLC, et al.,
                                   :
                    Defendants.
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/17

PITMAN, United States Magistrate Judge:

Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. to recover unpaid minimum wage and overtime premium pay and penalties for failure to provide wage statements and notices under the NYLL. Plaintiffs brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims.[1]

The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636 (c) and seek approval of their proposed settlement.

By an Opinion and Order dated August 1, 2017 I refused to approve the parties previous settlement agreement for two

---

[1] The parties reached a settlement agreement prior to the action being conditionally certified as a collective action.

reasons (Order dated Aug. 1, 2017 (Docket Item ("D.I.") 29) ("August 1, 2017 Order")).[2] First, the parties failed to provide sufficient information to enable me to determine whether the proposed settlement was fair and reasonable. Second, Sections 3 and 7 of the settlement agreement contained vague language that inadequately defined the claims that the parties were releasing.

The parties resubmitted their settlement agreement for approval on September 14, 2017 (Settlement Agreement and Release, dated September 14, 2017 (D.I. 32)("Proposed Agreement")). However, I am still unable to approve the Proposed Agreement. The parties have failed to cure the vague language employed in Section 7, the mutual general release provision.[3] Sections 7(a) and (b) of the Proposed Agreement contain language purporting to release "all claims referred to or identified in the various correspondence to and between the parties leading up to this [Proposed] Agreement." This is the same language employed in the

---

[2] My August 1, 2017 Order also noted that the provision prohibiting plaintiffs from assisting in any action against defendants and the provision barring plaintiff from seeking employment from defendants were contrary to the "primary remedial purpose [of the FLSA]: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).

[3] In accordance with my August 1, 2017 Order, the parties cured all other defects in their previous proposed settlement.

2

parties' previous settlement dated December 28, 2016, which I expressly rejected , (Letter of Gerrald A. Ellis, Esq., to the undersigned, dated December 28, 2016 (D.I. 28),Ex. 1). The meaning of the language is as unclear now as it was then; the language does not identify the claims being released in any meaningful way. The parties must clarify what this language is intended to cover.

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiency.

Dated: New York, New York
October 16, 2017

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

4