USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MARIA ROMERO, et al.,                :

                Plaintiffs,    :   15 Civ. 9535 (HBP)

   -against-                        :   OPINION
                                         AND ORDER
FLUFF N FOLD LAUNDRY SERVICES        :
LLC, et al.,
                                     :
                Defendants.
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") to recover unpaid minimum wage and overtime premium pay, as well as penalties for failure to provide wage statements and certain notices under the NYLL. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) and seek approval of their proposed settlement.

       In my Opinion and Order, dated August 1, 2017, I refused to approve the parties' first proposed settlement agreement because it lacked sufficient information to enable me to determine whether the settlement amount was fair and reasonable and because it contained an impermissibly vague mutual release (Order of the undersigned, dated Aug. 1, 2017 (Docket Item

("D.I.") 29). In an Opinion and Order dated October 16, 2017, I rejected the parties' revised proposed settlement agreement in light of the parties' failure to cure the impermissible release (Order of the undersigned, dated Oct. 16, 2017 (D.I. 33)).

The parties resubmitted their proposed settlement agreement for approval on November 14, 2017 (Second Revised Proposed Settlement Agreement, dated Nov. 14, 2017 (D.I. 34)). However, I am still unable to approve of the parties' settlement agreement due to the release therein.

The current proposed settlement agreement contains a general release (Second Revised Proposed Settlement Agreement ¶ 7). In pertinent part, the release by plaintiffs provides:

> Plaintiffs, for themselves and their heirs, executors administrators and their respective successors and assigns, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, . . ., claims and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limitation, the [FLSA], [NYLL], New York Code Rules and Regulations, arising out of Plaintiff's employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement.

(Second Revised Proposed Settlement Agreement ¶ 7(a)). In return, the release by defendants provides:

2

> Defendants HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Plaintiffs, their heirs, executors, administrators, and assigns, of and from all or any manner of actions, causes and causes of action, suits, . . ., claims and demands whatsoever at law or in equity ("claims"), which Defendants ever had, now have, or which Defendants hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' alleged employment by Defendants, their separation therefrom.

(Second Revised Proposed Settlement Agreement ¶ 7(b)).

The defect in the current version of the parties' general release is that it is not truly mutual. See Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3 (S.D.N.Y. June 10, 2016) (Moses, M.J.) ("Judicial disfavor of broad releases is especially pronounced where 'the releases were not mutual . . . ."), citing Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). As currently written, plaintiffs release claims that are unrelated to wage and hour issues against former directors, officers and representatives of defendants, among others, without reciprocal general releases from those individuals and entities in favor of plaintiffs. A general release provision cannot be characterized as mutual unless plaintiffs receive a release as broad as the release they give. Flores v. Hill Country Chicken NY, LLC, 16 Civ. 2916 (HBP), 2017 WL 5290878 at *2 n.5 (S.D.N.Y. Oct. 25, 2017)

3

(Pitman, M.J.). Accordingly, if the parties submit a renewed application for approval of the settlement, any general release provisions must be fully mutual in all respects.

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiencies.

Dated: New York, New York
April 18, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

4