USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MARIA ROMERO, et al., :

                Plaintiffs, : 15 Civ. 9535 (HBP)

  -against- : OPINION
                                    AND ORDER

FLUFF N FOLD LAUNDRY SERVICES :
LLC, et al.,
                                   :

                Defendants. :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Proposed Amendment to the Proposed Settlement Agreement ("Proposed Amendment"), annexed as Ex. 1 to the Letter of Colin Mulholland, Esq., to the undersigned, dated May 17, 2018 (Docket Item ("D.I.") 36); Proposed Settlement Agreement, dated Nov. 14, 2016 (D.I. 34) ("Proposed Agreement")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action brought by two plaintiffs who worked at defendants' laundromat. Plaintiffs commenced this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law (the "NYLL"), to recover unpaid minimum wages and overtime premium pay. Plaintiffs also

claim that defendants failed keep certain records and provide certain notices under the NYLL. Plaintiff Maria Romero was employed by defendants from approximately April 2013 through approximately November 2015. Throughout her employment, Romero worked approximately 60 hours per week and was paid a weekly salary that fluctuated between $400.00 and $420.00. Plaintiff Claudia Gonzalez worked for defendants from approximately January 2011 through November 2015.[1] Gonzalez was paid a weekly salary that varied between $410.00 and $500.00 throughout her employment; she alleges that she typically worked 60 hours per week. Plaintiffs' total alleged damages, exclusive of pre-judgment interest, are $97,796.66.[2] Of this amount, Romero claims that she is owed $48,265.00, and Gonzalez claims that she is owed $49,531.66. Using these damages figures, Romero's pro rata share of the total damages is approximately 49.4% and Gonzalez's is approximately 50.6%.

Defendants sharply dispute plaintiffs' claims. As an initial matter, defendants argue that, at all times relevant to

---

[1]There were breaks in Gonzalez's employment between July 4, 2011 and approximately October 2011, and between approximately October 2012 and October 2013.

[2]This amount includes: (1) $43,898.33 in total unpaid minimum and overtime wages; (2) $43,898.33 in total liquidated damages and (3) $10,000.00 for statutory penalties under the NYLL.

2

plaintiffs' claims, they had an annual gross volume of sales less than $500,000.00 and, therefore, were not employers within the meaning of the FLSA. See 29 U.S.C. §§ 203(s)(1)(A), 206(a). In addition, defendants contend that plaintiffs were paid in compliance with the law. Defendants also assert that plaintiffs never worked in excess of 45 hours per week. Defendants claim that they maintained records that will support these positions. Defendants further claim that they would be unable to pay the amount plaintiffs seek given their current financial situation.

I presided over a settlement conference in this matter on November 7, 2016, during which the parties did not reach a settlement. However, the parties agreed to the essential terms of a settlement on December 6, 2016 during a subsequent telephonic conference, over which I also presided. My knowledge of the underlying facts and the justification for the settlement is, therefore, limited to counsel's representations in their letters submitted prior to the settlement conference, their letters in support of the settlement and their statements during the settlement and telephonic conferences.

This is the fourth time that the parties have sought judicial approval of a proposed settlement. Most recently, I rejected the parties' revised proposed settlement agreement submitted for approval on November 14, 2017 (the "Proposed

Agreement") because it contained an impermissible general release (see Proposed Agreement; Order of the undersigned, dated Apr. 18, 2018 (D.I. 35)). Rather than resubmitting an entirely new proposed settlement agreement, the parties submitted an amendment to Proposed Agreement on May 17, 2018, modifying the release (see Proposed Amendment).

Under the Proposed Agreement, as amended, defendants agree to pay plaintiffs $40,000.00 in full and final satisfaction of plaintiffs' claims.[3] The amount of alleged damages, exclusive of pre-judgment interest, and the net amount that will be received by each are as follows:

| Plaintiff | Amount Claimed | Net Settlement Amount |
|---|---|---|
| Maria Romero | $48,265.00 | $20,000.00 |
| Claudia Gonzalez | $49,531.66 | $20,000.00 |
| **Total** | **$97,796.66** | **$40,000.00** |

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed

---

[3]Under Proposed Agreement, "the parties expressly agree to bear their own attorneys' fees and costs and disbursements incurred in this litigation . . . ." (Proposed Agreement ¶ 8).

4

> settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (Citing Lynn's Food Stores, Inc. v. United States, 659 F.2d 1350, 1358 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted).

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

5

First, plaintiffs' total settlement represents approximately 40.9% of their total alleged damages, including liquidated damages, exclusive of pre-judgment interest. Defendants dispute the number of hours plaintiffs claim they worked and the amount of wages plaintiffs claim they were paid and assert that they have documents supporting their positions. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute plaintiffs' claim that they regularly worked 60 hours per week; plaintiffs have no documentary evidence supporting their position. Thus, trial preparation would likely require depositions to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. To prevail on their FLSA claims, plaintiffs must establish that defendants' "annual gross volume of sales made or business done is not less than $500,000." 28 U.S.C. §§ 203(s)(1)(A), 206(a).[4] Defendants contend that plain

---

[4]There is no such requirement in order for a plaintiff to state a claim under the NYLL. See Sai Qin Chen v. East Market Rest., Inc., 13 Civ. 3902 (HBP), 2018 WL 340016 at *5 (S.D.N.Y. (continued...)

6

tiffs would be unable to establish either prerequisite. Furthermore, to prevail on their overtime claims, plaintiffs must prove (1) that they were entitled to overtime premium pay and (2) that they did not receive the full amount to which they were entitled. Given the lack of documentary evidence supporting plaintiffs' position, and the fact that plaintiffs bear the burden of proof, it is unclear whether plaintiffs will succeed at trial. Even if plaintiffs were able to overcome these hurdles, it is unclear how much plaintiffs would collect after trial given defendants' claim of limited financial resources. See Bodon v. Domino's Pizza, LLC, NO. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate

---

[4](...continued)
Jan. 9, 2018) (Pitman, M.J.); Liang Huo v. Go Sushi Go 9th Ave., 13 Civ. 6573 (KBF), 2014 WL 1413532 at *3 (S.D.N.Y. Apr. 10, 2014) (Forrest, D.J.).

payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, having presided over both the settlement conference and the telephonic conference during which counsel ultimately reached the essential terms of settlement, I know that the settlement is the product of arm's length bargaining between experienced counsel who represented their clients zealously.

Fifth, there are no factors here that suggest the existence of fraud. As noted above, the material terms of the settlement were reached following a judicially supervised telephonic conference, which was preceded by a judicially supervised settlement conference. This fact further negates the possibility of fraud or collusion.

The difference between each plaintiff's individual allocable share of the total alleged damages is approximately 1.2%. Pursuant to the Proposed Agreement, plaintiffs will split the settlement funds evenly. Accordingly, the method of distribution of settlement funds to plaintiffs is both fair and reasonable.

The parties have also executed the Proposed Amendment, which modifies the release set out in Paragraph 7 of the Proposed

Agreement (see Proposed Amendment).[5] Specifically, the Proposed Amendment provides, in pertinent part, that plaintiffs agree to release "[d]efendants from all or any manner of actions, causes and causes of action, suits . . . whatsoever at law or in equity" (Proposed Amendment ¶ 1(a)). In return, defendants agree to release "plaintiffs, their heirs, executors, administrators and assigns" from the same (Proposed Amendment to Proposed Agreement ¶ 1(b)). A general release in an FLSA settlement is consistent with the "primary remedial purpose" of the FLSA only if it is truly mutual. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015); see Gonzales v. 27 W.H. Bake, LLC, 15 Civ. 4161 (PAC)(HBP), 2018 WL 1918623 at *3 n.4 (S.D.N.Y. Apr. 20, 2018) (Pitman, M.J.); Chowdhury v. Brioni Am., Inc., 16 Civ. 344 (HBP), 2017 WL 5125535 at *3 (S.D.N.Y. Nov. 1, 2017) (Pitman, M.J.). A general release is truly mutual where, as here, "plaintiffs receive a general release from all persons and entities to whom plaintiffs provide a general release." Gonzales v. 27 W.H. Bake, LLC, supra, 2018 WL 1918623 at *3 n.4. Accordingly, I find the release agreed to by the parties permissible. See Cionca v.

---

[5]The Proposed Agreement expressly permits written amendments and modifications to it, so long as such amendments and modifications are "executed by the party against whom the amendment [or] modification . . . is sought" (Proposed Agreement ¶ 11; see Proposed Amendment).

9

Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); <u>Lola v. Skadden, Arps, Meagher, Slate & Flom LLP</u>, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.); <u>Souza v. 65 St. Marks Bistro</u>, 15 Civ. 327 (JLC), 2017 WL 7271747 at *5 (S.D.N.Y. Nov. 5, 2015) (Cott, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
June 8, 2018

SO ORDERED

*/signature/*
HENRY PITMAN
United States Magistrate Judge

Copies Transmitted to:

All Counsel